**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NJOY, LLC,<br>Plaintiff,<br>v.<br>JUUL LABS INC.,<br>Defendant. | C.A. No.: 1:23-cv-00917-MN<br>JURY TRIAL DEMANDED |

# AMENDED JOINT CLAIM CONSTRUCTION CHART

Pursuant to Paragraph 10 of the Scheduling Order (D.I. 70), Plaintiff NJOY, LLC ("NJOY") and Defendant JUUL Labs, Inc. ("JLI") hereby submit the below Amended Joint Claim Construction Chart.

Table A below identifies the disputed terms to be addressed during the claim construction proceedings and the parties' proposed constructions and citations to the intrinsic evidence in support of their respective constructions. Table B below identifies the terms that JLI identified during the parties' claim construction exchanges and contends are indefinite. The parties agree that the terms identified in Table A should be addressed during the claim construction proceedings. JLI contends that the terms appearing in Table B are indefinite, and that these terms should be addressed at expert discovery and summary judgment and/or trial. NJOY contends that the terms appearing in Table B are definite and should be given their plain and ordinary meaning. NJOY does not agree that indefiniteness is a question for the jury at trial.

Each party reserves the right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made by the other party during claim construction briefing, and further reserves the right to rely on any intrinsic evidence identified by the other party. Each party also reserves the right to rely on extrinsic evidence. Each party reserves

the right to update and/or supplement their proposed claim constructions with the claim construction briefing in this case. The parties intend to rely on the Patents-in-Suit, the specifications of the Patents-in-Suit, the claims of the Patents-in-Suit, and the file histories of the Patents-in-Suit, of patents and applications to which the Patents-in-Suit claim priority, and of patents or patent applications related to the Patents-in-Suit. Any citation to intrinsic and extrinsic evidence provided by the parties in support of their proposed claim constructions is intended as exemplary. The parties reserve the right to cite to analogous passages in other relevant patents-in-suit or file histories. Any additional evidence or reference within or encompassed by a particular citation is deemed incorporated by reference (*e.g.*, references to a figure or table are incorporated by reference).

Each party reserves the right to raise the construction of other terms as issues that should be addressed later in the case to the extent that disputes regarding them become apparent as the case progresses, including based on the parties' expert reports and summary judgment motions.

TABLE A – DISPUTED TERMS TO BE ADDRESSED DURING CLAIM CONSTRUCTION PROCEEDINGS

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | **NJOY** | **JLI** |
| 1 | "housing" | '881 Patent,<br>Claims 1, 8, 16<br>'864 Patent,<br>Claims 1, 5, 9, 21, 25, 29, 38, 45 | **Proposed Construction**<br>"structure holding components"<br><br>**Intrinsic Evidence**[1]<br>• '881 Patent at 3:23–43; 3:44-47; 3:53-61; 3:63-64; 4:5-6; 5:37-39; 5:65-6:9; 6:25-27; 17:21-49; Figs. 1–3, 9<br>• IPR2024-00161 Patent Owner's Response (Paper 16) at 16–19<br>• IPR2024-00161 Ex. 2022 59–63<br>• '864 Patent, 3:25–45; 3:46–49; 3:55–63; 4:7–8; 5:39–41; 5:67–6:11; 6:27–29; 17:21–22; Figs. 1–3, 9<br>• IPR2024-00160 Patent Owner's Response (Paper 17) at 16–19 | **Proposed Construction**<br>The claimed "housing" is the "outside structure containing the cartridge internals," "the claimed housing is the housing of the cartridge," "the claimed housing and cartridge are coextensive," and "the ends of the housing are the ends of the cartridge."<br><br>**Intrinsic Evidence**<br>• '864 Patent[2] at Figs. 1–2, Fig 4, Fig. 6, 1:39–63, 3:12–44; 3:44–64, 4:30–37, 5:32–41, 5:65–6:26, 8:34–64, 9:22–40<br>• IPR2024-00160, Patent Owner Response (Paper 17) at 16–18<br>• '881 Patent at 6:3–22, 7:50–8:23, 3:44–47, 4:28–35 |

[1] To the extent disclosure is only cited from the specification of one Asserted Patent, NJOY reserves the right to rely on the comparable disclosure in the specification of the other Asserted Patent.

[2] Because the specifications are substantively identical, JLI provides exemplary cites to the '864 Patent for terms appearing in the claims of both the '881 and '864 Patents.

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | **NJOY** | **JLI** |
| | | | • IPR2024-00160 Ex2022 ¶66–70 | • IPR2024-00160, Patent Owner Preliminary Response (Paper 7) at 1, 3–9, 14, 19, 25–29<br>• IPR2024-00161, Patent Owner Preliminary Response (Paper 6) at 1, 3–9, 14, 19, 25–28<br>• NJOY-ITC_1469-00003170 (Certified File History of U.S. Pat. No. 12,115,303) at -3245–73 (Conley's Declaration under 37 C.F.R. § 1.131)<br>• NJOY-ITC_1469-00004794 (Certified File History of U.S. Pat. No. 12,194,227) at -5734–65, -5789–5816<br>• NJOYFUMA1_00000340 (Conley's § 1.131 Declaration for '881 Patent) |
| 2 | "electrically conductive portion" | '881 Patent, Claims 1, 8, 16 | **<u>Proposed Construction</u>**<br>a portion that includes electrically conductive elements<br><br>**<u>Intrinsic Evidence</u>**<br>• '881 Patent at 1:58–2:8; 2:60–3:9; 6:25–40; 6:41– | **<u>Proposed Construction</u>**<br>a portion that is electrically conductive<br><br>**<u>Intrinsic Evidence</u>**<br>• '881 Patent at Figs. 1–3, 2:60–3:2, 3:44–62, 5:30–37, 6:3–9, 6:25–29, 6:41–51 |

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | NJOY | JLI |
| | | | 61; 6:62–7:19, 8:9–16; FIGs. 1–4, 7–9;<br>• IPR2024-00161 Patent Owner's Response (Paper 16) at 32–34; | |
| 3 | "wherein the first end of the housing includes an electrically conductive portion that is adapted to mechanically and electrically couple to the electrically conductive portion of the power source"<br><br>"the first end of the housing having an electrically conductive portion adapted to mechanically and electrically couple to the electrically conductive portion of the power source" | '881 Patent, Claim 1<br><br>'881 Patent, Claims 8, 16 | **<u>Proposed Construction</u>**<br>"a portion of the housing that has an electrically conductive contact and is adapted to both mechanically couple to the portion of the power source that includes an electrically conductive contact and electrically couple to the portion of the power source that includes an electrically conductive contact"<br><br>**<u>Intrinsic Evidence</u>**<br>• '881 Patent at 1:58–2:8; 2:60–3:9; 4:36–60; 6:25–40; 6:41–61; 6:62–7:19; 8:9–16; FIGs. 1–4, 7–9;<br>• IPR2024-00161 Patent Owner's Response (Paper 16) at 32–34; | **<u>Proposed Construction</u>**<br>the first end of the housing includes an electrically conductive portion that is: (i) a part of the first end of the housing; and (ii) performs both mechanical coupling and electrical coupling to the electrically conductive portion of the power source<br><br>**<u>Intrinsic Evidence</u>**<br>• '881 Patent at Figs. 1–3, 2:60–3:2, 3:44–62, 5:30–37, 6:3–9, 6:25–29, 6:41–51<br>• IPR2024-00160, Patent Owner's Preliminary Response at 5, 3–9, 14, 19, 25–29<br>• IPR2024-00161, Patent Owner's Preliminary Response at 5. 3–9, 14, 19, 25–28 |
| 4 | "an airflow passageway that extends centrally and axially with respect to the housing | '881 Patent, Claim 1 | **<u>Proposed Construction</u>**<br>plain and ordinary meaning: the claim language itself; in the | **<u>Proposed Construction</u>**<br>The airflow passageway extends in a straight path through the center |

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | **NJOY** | **JLI** |
| | intermediate of the first aperture on the first end of the housing and the second aperture on the second end of the housing, wherein the airflow passageway is configured to allow an airflow through the cartridge from the first aperture to the second aperture of the housing”<br><br>“an airflow passageway in the interior of the housing extending centrally and axially with respect to the housing intermediate of the first aperture on the first end of the housing and the second aperture on the second end of the housing, the airflow passageway being configured to allow an airflow through the cartridge from the first aperture to the second aperture of the housing”<br><br>“an airflow passageway in the interior of the housing, the airflow passageway having a length extending centrally and axially with respect to the | <br><br><br><br><br><br><br><br><br><br>’881 Patent, Claim 8<br><br><br><br><br><br><br><br><br><br><br><br><br>’881 Patent, Claim 16 | alternative: “the airflow passageway extends in an axially aligned path through the center of the housing from a first opening on the first end to a second opening on the opposite end of the housing”<br><br>**<u>Intrinsic Evidence</u>**<br>’881 Patent at 4:28–35, 4:36–46, 6:10–24, 6:30–37, 6:51–61, 6:62–7:19, 7:55–65, 8:13–20, 8:47–58, 10:17–20, 10:43–46, 10:61–10:67, 11:17–33, 12:37–43; FIGS. 1–3, 9.<br><br>File History of ’881 Patent:<br>• 2019-06-25 Specification at [0031]–[0061].<br>• 2022-06-14 Amendment Request for Reconsideration after Non-Final Rejection at 5.<br>• 2022-09-23 Amended Claims at 2–5, 7–16.<br>’864 Patent at 4:30–37, 4:38–48, 6:12–26, 6:32–39, 6:53–63, 6:64–7:21, 7:57–67, 8:15–22, 8:49–60, 10:20–23, 10:46–49, 10:64–11:3, 11:21–37, 12:40–43; FIGS. 1–3, 9. | of the housing from a first opening on the first end to a second opening on the opposite end of the housing. (*See also* JLI’s proposed construction of “housing,” above.)<br><br>**<u>Intrinsic Evidence</u>**<br>• ’864 Patent at Figs. 1–2, 4:30–37, 6:21–26<br>• ’864 Patent File History, June 14, 2022 Response to Office Action at 5–6<br>• ’864 Patent File History, September 8, 2022 Office Action at 5–6<br>• IPR2024-00161, Patent Owner Response (Paper 16) at 23–27<br>• IPR2024-00160, Patent Owner Response (Paper 17) at 31–35<br>• JLI-ITC1372_00947240 (File History of U.S. Pat. App. No. 12/843,917) at -947333<br>• JLI-ITC1372_00947429 (File History of U.S. Pat. App. No. 14/510,955) at -947548 |

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | NJOY | JLI |
| | housing intermediate of the first aperture on the first end of the housing and the second aperture on the second end of the housing, the airflow passageway being configured to allow an airflow through the cartridge from the first aperture to the second aperture of the housing”<br><br>“an airflow passageway in the housing, at least a portion of the airflow passageway extending centrally and axially with respect to the housing, wherein the airflow passageway extends centrally and axially from the first aperture to the second aperture”<br><br>“an airflow passageway in the housing, at least a portion of the airflow passageway extending centrally and axially with respect to the housing wherein the airflow passageway extends in a straight path from the first | <br><br><br><br><br><br><br><br><br><br>’864 Patent, Claims 1, 21, 38<br><br><br><br><br><br><br><br><br><br>’864 Patent, Claims 5, 25, 45 | File History of ’864 Patent:<br>• 2022-06-14 Applicant Arguments/Remarks Made in an Amendment at 2–6.<br>• 2022-09-23 Amended Claims at 2–5, 7–14.<br><br>NJOYITC1_00144296–144314 (Excerpts of the File History of U.S. Application No. 12/843,917); JLI-DDE917_00124755–124790 (Certified Copy of U.S. Application No. 12/843,917).<br><br>NJOYITC1_00178384–178394 (Certified Copy of U.S. Application No. 61/273,097)<br><br>U.S. Application No. 13/594,813 at ¶¶ [0024]–[0025], [0030]–[0031], [0040]; FIGS. 1–3, 9; claims 4–5.<br><br>• U.S. Application No. 61/527,434 at ¶¶ [0023]–[0024], [0028]–[0031], [0033]–[0034], [0049]–[0051], [0058], FIGS. 1–3, 9. | • IPR2024-00160, Final Written Decision (Paper 40) at 21–24, 37–42<br>• IPR2024-00161, Final Written Decision (Paper 38) at 17–19, 25–31<br>• IPR2024-00160, Record of Oral Hearing (Paper 39) at 43:7–47:10 |

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | NJOY | JLI |
| | aperture to the second aperture” | | | |

TABLE B – TERMS ALLEGED BY JLI TO BE INDEFINITE

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | NJOY | JLI |
| 5 | “proximate” | ’864 Patent, Claims 1, 5, 9, 21, 25, 29, 38, 45 | plain and ordinary meaning: at, near, or close to, which in the context of the ’864 patent claims identifies relative positioning. | indefinite |
| 6 | “transversely” | ’881 Patent, Claims 1, 8, 16<br>’864 Patent, Claims 1, 5, 9, 21, 25, 29, 38, 45 | plain and ordinary meaning: crosswise | indefinite |
| | “the heating element extending transversely to a/the central longitudinal axis of the housing” | ’864 Patent, Claims 1, 5, 9, 38, 45 | | |
| | “the heating element including a coil extending transversely to the central longitudinal axis of the housing and transversely to a direction of the airflow” | ’864 Patent, Claims 21, 25, 29 | | |

| | | | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | **Claim Term** | **Asserted Claim(s)** | **NJOY** | **JLI** |
| | “the heating element extends transversely across the airflow passageway’ | ’881 Patent, Claim 1 | | |
| | “the heating element being located within and extending transversely across the airflow passageway” | ’881 Patent, Claim 8 | | |
| | “a heating element located in the interior of the housing and extending transversely across the airflow passageway” | ’881 Patent, Claim 16 | | |
| 7 | “electrically configured to vaporize at least a portion of the solution to be contained in the solution holding medium for oral provision to an individual in an airflow from the second aperture” | ’881 Patent, Claims 1, 16 | plain and ordinary meaning: the claim language itself; not indefinite | indefinite |
| | “electrically configured to vaporize at least a portion of the solution to be contained in the solution holding medium reservoir for oral provision to an individual in an airflow from the second aperture” | ’881 Patent, Claim 8 | | |
| | “configured to vaporize at least a portion of the solution for | ’864 Patent, Claims 1, 5, 9 | | |

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | NJOY | JLI |
| | oral provision to an individual in the airflow”<br><br>“configured to vaporize at least the portion of the solution drawn to the heating element for oral provision to an individual in the airflow”<br><br>“configured to vaporize at least the portion of the solution for oral provision to an individual in the airflow” | <br><br>’864 Patent, Claims 21, 25, 29<br><br>’864 Patent, Claims 38, 45 | | |
| 8 | “both transverse sides of the element”<br><br>“both transverse sides of the heating element” | ’881 Patent, Claim 1<br><br>’881 Patent, Claims 8, 16<br>’864 Patent, Claims 11, 21, 25, 29, 38, 45 | plain and ordinary meaning: the claim language itself; not indefinite | indefinite |
| 9 | “the portion of the solution” | ’864 Patent, Claims 21, 25, 29, 38, 45 | plain and ordinary meaning: the claim language itself; not indefinite | indefinite |
| 10 | “airflow chamber” | ’864 Patent, Claims 18, 19, 36, 37, 43, 44 | plain and ordinary meaning, the claim language itself, not indefinite | indefinite |
| 11 | first and second apertures “on” ends of the housing | ’881 Patent, Claims 1, 3, 4, 8, | plain and ordinary meaning: the claim language itself; not indefinite | indefinite |

| | Claim Term | Asserted Claim(s) | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | | | **NJOY** | **JLI** |
| | | 11, 12, 16, 19, 20, 22, 23 | | |
| 12 | "wicking material" | '881 Patent, Claim 26<br>'864 Patent, Claims 12, 31 | plain and ordinary meaning the claim language itself; not indefinite | Indefinite means plus function limitation under 35 U.S.C. § 112, ¶ 6<br><br>**Claimed Functions**<br>Draw the liquid solution held by the solution holding medium/reservoir toward the heating element<br><br>**Corresponding Structure**<br>Not disclosed |
| 13 | "the airflow passageway having an interior having a uniform cross-sectional area measured perpendicular to the central longitudinal axis of the housing and extending continuously along a majority of the length of the airflow passageway" | '881 Patent, Claim 16 | plain and ordinary meaning: the claim language itself; not indefinite | indefinite |
| 14 | "solution holding medium to surround the airflow passageway and heating element" | '881 Patent, Claims 1, 8 | plain and ordinary meaning: a location, container, such as a reservoir, or mechanism to hold the solution that surrounds the | indefinite |

| | | | Proposed Constructions and Intrinsic Evidence | |
|---|---|---|---|---|
| | **Claim Term** | **Asserted Claim(s)** | **NJOY** | **JLI** |
| | | | airflow passageway and heating element. | |
| 15 | two distinct airflows: "an airflow through the cartridge from the first aperture to the second aperture" and "an airflow from the second aperture" | '881 Patent, Claims 1, 8, 16 | plain and ordinary meaning: the claim language itself; not indefinite | indefinite |

Dated: August 12, 2026

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6726
pkraman@ycst.com
rvrana@ycst.com

*Counsel for Plaintiff*
*NJOY, LLC.*

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

*/s/ Jeremy A. Tigan*
Jeremy A. Tigan (#5239)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jtigan@morrisnichols.com
began@morrisnichols.com

OF COUNSEL:

Michael T. Renaud
Timothy J. Rousseau
Adam S. Rizk
William Meunier
Samuel F. Davenport
Matthew A. Karambelas
Courtney P. Herndon
James Thomson
Paul Weinand
Ryan A. Haddad
Gabriella J. Flick
Tianyi Tan
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Peter F. Snell
Kaitlyn A. Crowe
Hannah M. Edge
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
(212) 935-3000

Reza Dokhanchy
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
(585) 314-1500

Mintz-Juul-DDE917@mintz.com

*Counsel for Defendant*
*JUUL Labs, Inc.*